UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
TIMOTHY JAMES ULTSCH,
          Petitioner,

v.

UNITED STATES OF AMERICA,
          Respondent.
------------------------------------------------------------x

**ORDER**

19 CV 10703 (VB)

On July 16, 2012, petitioner pleaded guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). He was sentenced in the Eastern District of Virginia to a term of 180 months imprisonment.

On July 22, 2019, following the Supreme Court's decision in Rehaif v. United States, 139 S. Ct. 2191 (2019), petitioner moved in the Eastern District of Virginia for a writ of audita querela pursuant to the All Writs Act, 28 U.S.C. § 1651(a).

After the United States Attorney's Office for the Eastern District of Virginia responded to petitioner's motion, and petitioner replied, the court in the Eastern District of Virginia found petitioner's claim for relief properly falls under 28 U.S.C. § 2241. (Doc. #1). Because a motion pursuant to Section 2241 must be filed in the district in which the petitioner is incarcerated, and because petitioner was incarcerated at FCI Otisville, in Otisville, New York, the court found it lacked jurisdiction to consider petitioner's motion. As a result, the court in the Eastern District of Virginia transferred the motion to the Southern District of New York in the interest of justice.

On December 19, 2019, this Court ordered the United States Attorney's Office for the Southern District of New York to file a letter by January 21, 2020, addressing whether petitioner's motion should properly be construed as a second or successive petition under 28 U.S.C. § 2255, in which case this Court, if it agreed, would transfer the motion to the U.S. Court of Appeals for the Fourth Circuit under 28 U.S.C. § 2244(b)(3)(A), or as a petition under Section 2241, in which case this Court would retain jurisdiction. (Doc. #8). The Court ordered that petitioner may, but was not required to, respond to the government's submission by February 20, 2020.

On January 21, 2020, the government filed a letter stating petitioner's motion may properly be construed as a petition under 28 U.S.C. § 2241. (Doc. #10).

Accordingly, it is HEREBY ORDERED:

1.    By February 24, 2020, petitioner **shall** file a response to the government's letter. Petitioner is advised that the conversion of his motion to a petition under Section 2241 may "trigger the successive petition restrictions of the [Antiterrorism and Effective Death Penalty

1

Act]." Simon v. United States, 359 F.3d 139, 144 (2d Cir. 2004). **Therefore, plaintiff shall state in his response whether he agrees to have the motion recharacterized as a Section 2241 petition, or whether he wishes to withdraw the motion.** See id. at 141 (district courts "should not convert motions purportedly made under some other rule into [Section 2241] motions unless (a) the movant, with knowledge of the potential adverse consequences of such recharacterization, agrees to have the motion so recharacterized, or (b) the court finds that, notwithstanding its designation, the motion should be considered as made under [Section 2241] because of the nature of the relief sought, and offers the movant the opportunity to withdraw the motion rather than have it so recharacterized." (internal quotations omitted)).

The Clerk is instructed to mail a copy of this Order to petitioner at the address on the docket.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purposes of an appeal. Cf. Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

Dated: January 23, 2020
White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge