```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
TIMOTHY JAMES ULTSCH,                :
                Petitioner,          :
                                     :         OPINION AND ORDER
v.                                   :
                                     :         19 CV 10703 (VB)
UNITED STATES OF AMERICA,            :
                Respondent.          :
--------------------------------------------------------------x
```

Briccetti, J.:

Petitioner, proceeding pro se,[1] brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, seeking relief from his conviction in light of the United States Supreme Court's decision in Rehaif v. United States, 139 S. Ct. 2191 (2019).

For the reasons set forth below, the petition is DENIED.

## BACKGROUND

On December 12, 2003, in the United States District Court for the District of Arizona, petitioner was sentenced to a concurrent term of 84 months' imprisonment and a 3-year term of supervised release on four counts of bank robbery. On September 9, 2008, his sentence was amended to time served, and he was placed on supervised release.

According to petitioner, he entered the federal witness protection program ("WITSEC"), and was provided with new identification documents under a different name. Petitioner states that while in WITSEC and on supervised release, his WITSEC "handler" and his probation

---

[1] On November 22, 2019, petitioner filed a request to proceed in forma pauperis ("IFP"). (Doc. #6). By Order dated December 19, 2019, the Court reserved decision on petitioner's request to proceed IFP. (Doc. #8). Petitioner's request for IFP status is GRANTED.

1

officer both "told [him] various things," including that he was "no longer a felon," that "led [him] to believe [he] was no longer considered a felon." (Doc. #3 ("Ultsch Decl.") at ECF 2).[2]

On February 24, 2012, petitioner was arrested in Newport News, Virginia. He told the arresting police officer that he had a firearm in his pants. Petitioner was later charged in the United States District Court for the Eastern District of Virginia with being a convicted felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), which prohibits possession of a firearm by "any person who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year."

On July 16, 2012, petitioner pleaded guilty to the felon in possession charge. At the plea allocution, the court recited the elements of the crime:

> First, [the government has] to prove that you have been convicted in some court of a crime punishable by imprisonment exceeding one year. In other words, that you are a convicted felon; Secondly, that after this conviction you knowingly possessed or received a firearm that's alleged in the indictment; and Thirdly, that your receipt or possession of that firearm was in or affecting interstate or foreign commerce. . . . Also, if they enhance you under the career criminal statute, they have to prove that you have three previous convictions by a court for a violent felony or a serious drug offense[,] or both[,] committed on occasions different from one another.

(Doc. #24-1 ("Plea Tr.") 12–13). Absent from this recitation was a requirement that the government had to prove beyond a reasonable doubt that petitioner <u>knew</u>, at the time he possessed the firearm, that he was a member of a class of persons forbidden to possess firearms by virtue of his prior felony conviction.

A statement of facts detailing the offense of felon in possession of a firearm was entered into the record, and then incorporated into the presentence report ("PSR") prepared by the

---

[2] Petitioner's declaration is filed under seal.

"ECF _" refers to the page numbers automatically assigned by the Court's Electronic Case Filing system.

2

Probation Department.  It stated, in relevant part, "[petitioner] was convicted of bank robbery in the United States District Court for the District of Arizona in 2003.  Bank robbery is a crime punishable by more than one year imprisonment."  (Doc. #16 ("Govt. Mem."), Ex. C ¶ 5.2).[3]  The court asked petitioner if he had discussed the statement of facts with his counsel, if it was accurate, and if what it stated was what petitioner did.  Petitioner answered each question in the affirmative.  (Plea Tr. 14).

In addition, the court asked petitioner if he had been convicted of a felony before, to which petitioner responded in the affirmative.  The court then stated, "Ordinarily I talk to defendants about losing certain valuable rights as a citizen, but you lost those a long time ago.  What states were you convicted in?"  (Plea Tr. 8).  Petitioner responded, "Arizona."  (Id.).

On November 20, 2012, the court sentenced petitioner to the mandatory minimum sentence of 180 months' imprisonment pursuant to the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), followed by supervised release, and a $100 mandatory assessment.  Petitioner did not take a direct appeal.  However, he later filed a petition pursuant to 28 U.S.C. § 2255, seeking to vacate, set aside, or correct his sentence in light of Johnson v. United States, 135 S. Ct. 2551 (2015).  In Johnson, the Supreme Court held that ACCA's residual clause, 18 U.S.C. § 924(e)(2)(B)(ii), was unconstitutionally vague.  The district court denied the Section 2255 petition, and the court of appeals declined to issue a certificate of appealability.  See United States v. Ultsch, 2016 WL 9450071 (E.D. Va. Nov. 10, 2016), appeal dismissed, 690 F. App'x 127 (4th Cir. 2017) (unpublished opinion), cert. denied, 138 S. Ct. 287 (2017).[4]

---

[3]   The attachments to the government's response are filed under seal.

[4]   Because petitioner is proceeding pro se, he will be provided with copies of all unpublished opinions cited in this decision.  See Lebron v. Sanders, 557 F.3d 76, 79 (2d Cir. 2009).

On July 22, 2019, following the Supreme Court's decision in Rehaif v. United States, 139 S. Ct. 2191 (2019), petitioner moved in the Eastern District of Virginia for a writ of audita querela pursuant to the All Writs Act, 28 U.S.C. § 1651(a).  After the government responded to petitioner's motion, and petitioner replied, on November 8, 2019, the court found petitioner's claim for relief may properly be considered under Section 2241.  (Doc. #1).  But because a Section 2241 petition must be filed in the district in which the petitioner is incarcerated, and because petitioner was incarcerated at Federal Correctional Institution ("FCI") Otisville, in Otisville, New York, the court found it lacked jurisdiction and transferred the petition to the Southern District of New York.  (Id.).

On December 19, 2019, this Court directed the United States Attorney's Office to file a letter addressing whether petitioner's motion was properly construed as a second or successive petition under Section 2255, in which case the Court would have been required to transfer the motion to the United States Court of Appeals for the Fourth Circuit under 28 U.S.C. § 2244(b)(3)(A), or as a petition under Section 2241, in which case the Court could retain jurisdiction.  (Doc. #8).  By letter dated January 21, 2020, the government advised the Court the motion could properly be considered a petition under Section 2241.  (Doc. #10).  Petitioner agreed to recharacterize the motion as a Section 2241 petition.  (Doc. #14).  Accordingly, on February 6, 2020, the Court ordered the government to respond to the Section 2241 petition. (Doc. #15).

The parties agree that petitioner may not file a second or successive Section 2255 petition because Rehaif v. United States did not announce a new rule of constitutional law.

**DISCUSSION**

I.   <u>Legal Standard</u>

"In general, federal prisoners who seek to collaterally attack the basis for imposing a sentence—including by challenging the underlying conviction—must move 'to vacate, set aside or correct the sentence' under 28 U.S.C. § 2255(a)." <u>Dhinsa v. Krueger</u>, 917 F.3d 70, 80–81 (2d Cir. 2019).[5]  "Section 2241 by contrast is the proper means to challenge the execution of a sentence." <u>Adams v. United States</u>, 372 F.3d 132, 135 (2d Cir. 2004).  Creating an overlap between Section 2255 and Section 2241, however, Section 2241(c)(3) grants federal courts authority to "entertain habeas petitions from prisoners 'in custody in violation of the Constitution or laws or treaties of the United States.'" <u>Id</u>. (quoting Section 2241(c)(3)).  Thus, pursuant to the so-called "savings clause" in Section 2255(e), a federal prisoner may apply for a writ of habeas corpus under Section 2241 if it appears that Section 2255 is "inadequate or ineffective to test the legality of his detention." <u>See</u> <u>Dhinsa v. Krueger</u>, 917 F.3d at 80–81.

"A petitioner who seeks to establish habeas jurisdiction under this savings clause must make a threshold showing, based on the existing record, that he is innocent of his crime of conviction under a legal theory that was not previously available to him." <u>Dhinsa v. Krueger</u>, 917 F.3d at 80.  However, "a petitioner who makes the threshold showing of legal innocence on the existing record will not necessarily be entitled to habeas relief." <u>Id</u>. at 82.

"A petitioner cannot claim that § 2255 is 'inadequate or ineffective' merely because his prior § 2255 motion was denied, however." <u>Dhinsa v. Krueger</u>, 917 F.3d at 81.  The Second Circuit has interpreted the savings clause of Section 2255(e) "to authorize a § 2241 petition only

---

[5]   Unless otherwise indicated, case quotations omit all internal citations, quotations, footnotes, and alterations.

when § 2255 is unavailable <u>and</u> the petition is filed by an individual who (1) can prove actual innocence on the existing record, and (2) could not have effectively raised [his] claim of innocence at an earlier time, perhaps due to an intervening change in the governing interpretation of the statute of conviction." <u>Id</u>.

"To make a threshold showing of 'actual innocence' under the first prong, a petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." <u>Dhinsa v. Krueger</u>, 917 F.3d at 81 (citing <u>Bousley v. United States</u>, 523 U.S. 614, 623 (1998)). "Actual innocence means factual innocence, not mere legal insufficiency." <u>Bousley v. United States</u>, 523 U.S. at 623–24. "The habeas court must make its determination concerning the petitioner's innocence in light of all the evidence, including that alleged to have been illegally admitted (but with due regard to any unreliability of it) and evidence tenably claimed to have been wrongly excluded or to have become available only after the trial." <u>Schlup v. Delo</u>, 513 U.S. 298, 328 (1995). Where there was no trial, the court should consider "evidence [] not presented during petitioner's plea colloquy." <u>Bousley v. United States</u>, 523 U.S. at 624. In other words, "[t]he court must . . . determine whether, after viewing the evidence in the light most favorable to the prosecution, <u>any</u> rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." <u>Dhinsa v. Krueger</u>, 917 F.3d at 81 (<u>quoting</u> <u>Coleman v. Johnson</u>, 566 U.S. 650, 654 (2012) (per curiam)).

"Because the savings clause articulates a jurisdictional requirement, a court adjudicating a § 2241 petition must confirm that the savings clause can be applied <u>at all</u> before proceeding with a full merits review of the petitioner's claims." <u>Dhinsa v. Krueger</u>, 917 F.3d at 81. "[W]hen a prisoner files a § 2241 petition in an attempt to evade § 2255's limits on second or successive petitions, and when the petitioner has already had a prior § 2255 petition dismissed on

6

the merits," a court may treat the Section 2241 petition as a second or successive Section 2255 petition and refer it to the Circuit Court, or, "if it is plain from the petition that the prisoner cannot demonstrate that a remedy under § 2255 would be inadequate or ineffective to test the legality of his detention, the district court may dismiss the § 2241 petition for lack of jurisdiction." See Adams v. United States, 372 F.3d at 136.

Finally, given petitioner's pro se nature, the Court must construe his petition liberally. Thompson v. Choinski, 525 F.3d 205, 209 (2d Cir. 2008).

II.     Rehaif v. United States

In Rehaif v. United States, a prosecution pursuant to 18 U.S.C. § 922(g)(5), the Supreme Court held that under Section 922(g), the government must prove not only that the defendant knew he possessed a firearm, but also that "he knew he belonged to the relevant category of persons barred from possessing a firearm." 139 S. Ct. at 2200.  The Supreme Court "express[ed] no view, however, about what precisely the Government must prove to establish a defendant's knowledge of status in respect to other § 922(g) provisions not at issue here." Id.

In the context of Section 922(g)(1), the Second Circuit has clarified that this means, "although a felon need not specifically know that it is illegal for him to possess a firearm under federal law, Rehaif requires him to know, at the time he possessed the firearm, that he had been convicted in any court of a crime punishable by imprisonment for a term exceeding one year." United States v. Bryant, 976 F.3d 165, 172–73 (2d Cir. 2020).

III.    Application

Petitioner argues his conviction should be vacated under Rehaif v. United States, because at the time he possessed the firearm, he erroneously believed he was not a felon.

The Court disagrees.

Petitioner fails to make the showing of actual innocence required to establish habeas jurisdiction. Indeed, the record makes clear that at the time he possessed the firearm in February 2012, he knew he had been convicted of a crime punishable by imprisonment for a term of more than one year.

First, after his arrest in this case, petitioner told federal investigators he knew he should not have had the gun on February 24, 2012.[6] (Govt. Mem., Ex. B).

Second, during his plea allocution, petitioner affirmed he had discussed with his attorney the statement of facts—which stated he was convicted of bank robbery in the United States District Court for the District of Arizona in 2003, and that bank robbery is a crime punishable by more than one year imprisonment—and that the statement of facts was accurate. He further confirmed at the hearing that he was previously convicted of a felony in Arizona.[7]

Finally, the PSR in this case states that on December 12, 2003, petitioner was sentenced to 84 months imprisonment and three years of supervised release for multiple bank robberies, which, on September 9, 2008, was amended to time-served and 18 months of supervised release. (Govt. Mem., Ex. C. ¶ 25). That the amount of time petitioner actually served in prison under

---

[6]   Petitioner's own statements to the federal investigators are not hearsay. See Fed. R. Evid. 801(d)(2)(A).

[7]   To the extent petitioner argues he pleaded guilty only because the government was not required to prove knowledge of status, "[c]ourts have uniformly held that the failure to advise the defendant at his plea, or to instruct a jury, that the government had to prove knowledge of status was not plain error where, as here, the record contains facts sufficient to satisfy that element." See United States v. Bryant, 2020 WL 353424, at *4 (E.D.N.Y. Jan. 21, 2020) (denying habeas relief pursuant to Section 2255 where indictment did not allege defendant knew he had "been convicted in any court punishable by imprisonment for a term exceeding one year"); cf. United States v. Johnson, 820 F. App'x 29, 33–34 (2d Cir. 2020) (summary order) (vacating plea after Rehaif because Government could not point to statements indicating knowledge of status, and where petitioner had not been sentenced to a prison term of more than a year on prior felonies).

his 2003 conviction was longer than one year "removes any doubt that [petitioner] was unaware of his membership in § 922(g)(1)'s class." See United States v. Miller, 954 F.3d 551, 560 (2d Cir. 2020) (PSR showing defendant was sentenced to a "total effective sentence of ten years' imprisonment, with execution suspended after three years" sufficient to show defendant's awareness of membership).

Given the foregoing, petitioner has failed to demonstrate "it is more likely than not that no reasonable juror would have convicted him." Dhinsa v. Krueger, 917 F.3d at 81.

Petitioner's argument to the contrary is not persuasive. Petitioner claims he did not believe he was a felon when he possessed the gun in February 2012 because he had a new identity under which he was living. In support, he claims his probation officer and the WITSEC officer both indicated to him that he was no longer a felon once he received his new identity. But the relevant question is not whether petitioner believed he was a felon, but rather whether he knew he "had been convicted in any court of a crime punishable by imprisonment for a term exceeding one year." See United States v. Bryant, 976 F.3d at 172–73.

Even if petitioner did not believe he was a felon at the time he possessed the firearm, he fails to demonstrate that, in February 2012, he did not know (i) he previously had a different identity—as Timothy Ultsch, (ii) when his name was Timothy Ultsch, he had been convicted of felonies, or (iii) he had actually spent more than a year in prison. Cf. United States v. Wilson, 2019 WL 6606340, at *4 (W.D. Mich. Dec. 5, 2019) (that defendant "believed he was no longer a felon" and that "all of his rights were restored" because his probation had ended indicated "by Defendant's own admission, he was aware that his prior convictions made him a felon").

Accordingly, petitioner may not invoke Section 2255(e)'s savings clause, and the instant petition must be dismissed for lack of jurisdiction. See Adams v. United States, 372 F.3d at 136.[8]

**CONCLUSION**

The petition for a writ of habeas corpus is DENIED.

The Clerk is instructed to enter judgment accordingly and close this case.

A federal prisoner seeking habeas relief under Section 2241 need not obtain a certificate of appealability to take an appeal. See Murphy v. United States, 199 F.3d 599, 601 n.2 (2d Cir. 1999). However, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purposes of an appeal. Cf. Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

Dated: November 30, 2020
       White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge

---

[8] To the extent petitioner argues Federal Rule of Criminal Procedure 11 was violated because the district judge who took his guilty plea did not list knowing possession of a firearm as an element of the crime, or that petitioner would have proceeded to trial but for the fact that his lawyer told him "whether or not [he] knew [he] was prohibited from possessing a firearm did not matter and was not a defense," (Ultsch Decl. at ECF 3), such arguments have no bearing on petitioner's actual innocence, or on the Court's jurisdiction. In any case, the arguments have no merit. See United States v. Keith, 797 F. App'x 649, 652 (2d Cir. 2020) (summary order) ("[B]ecause the government would have such persuasive proof of Keith's awareness that he was a convicted felon, we see no reasonable probability that Keith would not have entered the plea had the District Court correctly explained the elements of the offense."); see also United States v. Bryant, 976 F.3d at 174–75 ("[W]e have upheld felon-in-possession convictions after Rehaif where the defendant had actually served more than one year in prison on the prior conviction.").